UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Sarita Garcia | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. C-04-112 |
| | § | |
| Pfizer, Inc., *et al.* | § | |
|     Defendants | § | |

# MEMORANDUM OPINION AND ORDER OF THE COURT

A hearing was held in this Court on March 2, 2006 on defendant Pfizer's evidentiary objections (D.E. 126, App.). The Court makes the following rulings:

1. Pfizer's objection to plaintiff's exhibit 1-E, the affidavit of Dr. Michael Sulzinski, is overruled without prejudice.

2. Pfizer's objections to plaintiff's exhibits 1-J, 1-K, 1-N, 1-R, the deposition given by Dr. M.S. Dickerson on December 7, 1971 in the lawsuit *Reyes v. Wyeth*, Civil Action No. CA-70-B-115 and appended exhibits, are overruled. The Court makes these rulings for the reasons stated on the record during the hearing. Plaintiff is ordered to redact all portions of these exhibits that make reference to insurance.

3. Pfizer's objection to exhibit A, a summary of exhibit 1-N, is sustained. The exhibit is demonstrative evidence the probative value of which is substantially outweighed by the possibility of misleading the jury as well as by the fact that it represents needless presentation of cumulative evidence. Fed. R. Evid. 403.

4.	Pfizer's objection to plaintiff's exhibit C, the summary of plaintiff's exhibit 1-Q, is overruled without prejudice.  Pfizer objects to this exhibit on the grounds that it incorrectly summarizes inadmissible evidence.  However, Pfizer fails to object to exhibit 1-Q, which is the underlying source of the evidence that Exhibit C purports to summarize.  Because Pfizer fails to make any argument as to why the underlying evidence is inadmissible its objection to this exhibit is overruled.

5.	Pfizer's objection to plaintiff's exhibit 2, the declaration of Stanley Kops, is sustained.  Mr. Kops is a plaintiff's attorney who has litigated polio vaccine cases for over thirty years, including cases against defendants Wyeth and Pfizer.  Mr. Kops' knowledge is derived solely from these decades of litigation and not from any personal experience relating to the production methods of either defendant.  The declaration of Stanley Kops is therefore excluded for lack of personal knowledge.

6.	Pfizer's objections to plaintiff's exhibits 1-O, 1-P, and B are overruled.  Pfizer failed to advance these objections during the March 2 hearing in this Court.

During the motion hearing on November 29, 2005 and a portion of the evidentiary hearing on March 2, 2006, the defendants raised the issue of whether the plaintiff is supporting her argument on product identification by a "market-share" theory.  Defendants cite the case of *Spring Branch Ind. School Dist. v. N. L. Industries*, 2004 WL 1404036 (Tex. App.–Houston [1st] June 24, 2004) for the principle that plaintiff must be able to prove exactly which product caused her injuries.  Plaintiff distinguishes *Spring Branch* from the present cause, and argues that Texas law does not require her to prove product identification with this degree of exactness.  The Court hereby orders all

interested parties to submit briefs on this issue no later than noon on Friday, March 10, 2006.

      Ordered this    6    day of    March   , 2006.

                                      */s/ Hayden Head*
                                      HAYDEN HEAD
                                      CHIEF JUDGE