UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| Sarita Garcia, § | |
| Plaintiff, § | |
| § | |
| v. § | C.A. No. C-04-112 |
| § | |
| Pfizer Inc., et al., § | |
| Defendants. § | |

# MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is plaintiff's motion for reconsideration (D.E. 155). Plaintiff petitions the Court to reconsider its order granting summary judgment to defendants Pfizer Inc., Wyeth Holdings Corp., and Wyeth Pharmaceuticals Inc. The Court granted summary judgment because plaintiff failed to provide evidence sufficient to identify the manufacturer of the polio vaccine allegedly ingested by the plaintiff with the specificity required under Texas law. *See* D.E. 152.

Plaintiff's motion to reconsider summary judgment is properly brought under Fed. R. Civ. P. 59(e). A Rule 59(e) motion "serve(s) the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004) (internal citations omitted). It is not a vehicle for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.*

Plaintiff argues that the Court should set aside its order granting summary judgment for two reasons: first, that plaintiff *has* shown an ability to prove product

identification with the specificity required under Texas law, and, second, that the Court should allow plaintiff to proceed under a theory of alternative liability. Plaintiff's first argument is merely a re-hashing of her prior arguments on product identification. The Court has already considered these arguments at length. Plaintiff does not provide any new facts or insights that merit reconsideration of the Court's order.

Plaintiff also argues that the Court should overturn its order granting summary judgment based on a theory of alternative liability. This is a new argument that plaintiff did not present to the Court prior to its order granting summary judgment. Furthermore, plaintiff has provided no case law showing that this theory of liability has been adopted by Texas courts. The Fifth Circuit has refused to recognize a theory of alternative liability under Texas law. *See Cimino v. Raymark Industries*, 151 F.3d 297, 313-314 (5th Cir. 1998).

Accordingly, plaintiff's motion for reconsideration is DENIED.

Ordered this 20 day of Nov, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE